**Adam Wang, Esq. (201233)**
**Adam Pedersen, Esq. (261901)**
**Law Offices of Adam Wang**
**12 South First Street, Suite 708**
**San Jose, CA  95113**
**Telephone: 408 421-3403**
**Facsimile: 408 416-0248**

**Attorneys for Plaintiff**
**ALMA YADIRA**

**Victoria L.H. Booke**
**Fahmy & Booke**
**606 North First Street**
**San Jose, CA 95112**
**(408) 286-7000**
**Fax: (408) 286-7111**
**Email: vbooke@gmail.com**

**Attorney for Defendant**
**JESUS FERNANDEZ**

*E-FILED - 9/22/10*

# IN THE UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| YADIRA, et. al.;<br>　　　　　Plaintiffs,<br><br>v.<br><br>JESUS FERNANDEZ dba MARIA'S NIGHTCLUB; TONY'S POOL HALL AND FLAMINGO NIGHTCLUB; DOES 1-10;<br><br>　　　　　Defendants, | CASE NUMBER:  C 08 05721 RMW<br><br>RELATED CASE:  C 08 05722 RMW<br><br>JOINT STIPULATION AND ORDER TO RESET DISCOVERY AND TRIAL DATE IN BOTH MATTERS; *and*<br><br>[PROPOSED] ORDER THEREON |

　　　　This case, Yadira v. Fernandez, C 08 05721 RMW, was filed at the same time as the related matter, Mondragon v, Fernandez, C 08 05722 RMW. Both cases involve the same Defendants, contain the same allegations and are based on largely the same facts. Parties in both

cases are represented by the same counsel. However, the issues in the case diverge in that in the instant action the Plaintiffs are hourly employees, and in the other related matter, the Plaintiffs are alleged salaried employees.

Initially, the related matter, Mondragon v. Fernandez, C 08 05722 RMW was before the Hon. James Ware, but was reassigned to the Hon. Ronald Whyte so that both cases could be before the same judge. The parties have attended case management conferences in both matters, have conducted an ENE session in the Mondragon matter, have conducted a deposition in the Yadira matter. The deposition of Yadira precipitated a push by both parties to participate in a private mediation of both matters. However, shortly after agreeing to participate in said mediation, Defendant changed his mind and withdrew from the mediation.

Further, Plaintiff has conducted a substantial amount of written discovery. The first set of written discovery propounded by Plaintiff was met entirely with objection. This precipitated a filing of a motion to compel on 11/18/2009. The hearing on that motion was continued until 3/16/2010 because of efforts by the parties to resolve the dispute amicably, which included the voluminous production and review of documents. However, while the requests for production were ultimately addressed, issues remained with respect to the requested interrogatories and requests for admission. Therefore, the court granted the motion to compel on 3/12/2010 (without hearing) and ordered further responses by 3/26/2010. Defendant did not make any amended responses until weeks beyond this deadline on 4/12/2010. Plaintiff contends that these late responses remain entirely inadequate and remain subject to dispute.

As a result of this motion to compel, Plaintiff filed a motion for sanctions which was denied after hearing on 5/18/2010. Immediately following the 5/18/2010 hearing on Plaintiff's motion for sanctions Defense counsel announced his intent to seek withdrawal from

representation. Plaintiff did not object to this withdrawal. Despite no objection by Plaintiff to the withdrawal and substitution of new counsel, Defendant did not file his motion until a month later on 6/13/2010, and did not follow with proposed order until 6/25/2010. As a result, the substitution of counsel did not occur until 6/29/2010, nearly two months after counsel announced his intent to withdrawal.

The delay injected by this change of counsel has cost the parties valuable time to continue efforts to resolve this matter and to conduct discovery. Importantly, with respect to discovery already outstanding, Plaintiffs have been unable to conduct any meaningful meet and confer efforts.

However, Parties have no had a chance to restart the process with Defendant's new counsel. New counsel has been very responsive and is currently working on getting up to speed with the current status of discovery. Plaintiff's counsel has sent to new counsel all relevant documents, requests, responses and moving papers. Counsel is review these so that parties may pick up discovery where they left off. In order to allow counsel sufficient time to prepare to effectively participate in discovery efforts without prejudicing either parties' plans for further discovery, parties are in agreement that modifications should be made to the case management scheduling order. Furthermore, Counsel for Plaintiffs has just concluded a trial in the San Francisco Division of the Norther District Court and has two other matters which will likely go to trial in November and December of 2010.

Therefore, the parties hereby stipulate to the following proposed discovery dates and deadlines (applicable to both actions 08-5721 and 08-5722, except for proposed trial dates):

**DISCOVERY**

1. The parties agree to the following discovery plan:

    a. Fact discovery cutoff:  January 31, 2011;

        i. Any and all written discovery will be propounded so that a response will be received prior to the discovery cutoff date.

    b. Designation of expert witnesses:  January 15, 2011;

    c. Rebuttal expert witnesses: Feb 1, 2011;

    d. Expert depositions completed:  Feb 15, 2011;

## DISPOSITIVE MOTIONS

2. The parties request a dispositive motions hearing date of:  February 25, 2011;

## TRIAL SCHEDULE

3. For action number C08-5722, Mondragon v. Fernandez, the parties request the following:

    a. The parties request a trial date as follows:  April 11, 2011, Pre-trial conference on March 24, 2011;

    b. The parties expect that the trial will last for the following number of days: five court days.

4. For action number C08-5721, Yadira v. Fernandez, the parties request the following:

a. The parties request a trial date as follows:  May 2, 2011, Pre-trial conference on April 21, 2011;

## SIGNATURE AND CERTIFICATION BY COUNSEL

Dated:  Aug 20, 2010

_/s/Adam Pedersen_____
Adam Pedersen, Esq.
Attorney for Plaintiffs


Dated:  Aug 20, 2010


__/s/Victoria Booke_____
Victoria Booke, Esq.
Attorney for Defendant


**[] ORDER_____**

Good cause appearing, pursuant to the parties stipulation, the above modification to the scheduling order is adopted, and the dates set forth in the parties agreement shall control from here forward.

Dated:  September 22, 2010

*Ronald M. Whyte*
_____
Honorable Ronald M. Whyte