E-FILED on 06/14/2011

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ALMA YADIRA, et al., <br><br> Plaintiffs, <br><br> v. <br><br> JESUS FERNANDEZ, et al., <br><br> Defendants. | No. C-08-05721 RMW <br><br> ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT <br><br> **[Re Docket No. 55]** |

Plaintiff Alma Yadira moves for partial summary judgment against defendant Jesus Fernandez. On June 3, 2011, the court held a hearing to consider plaintiff's motion. Having considered the papers submitted by the parties and the arguments of counsel, and for the reasons set forth below, the court grants in part and denies in part plaintiff's motion for partial summary judgment.

**I. BACKGROUND**

Plaintiff was an employee at defendant's establishment, Tony's Pool Hall, for a roughly two-year period running from May 2006 to April 2008. Dkt. No. 56 Exh. 1 at 17:9-16. During this time, plaintiff's weekly work hours were monitored on a time card which was used in combination with a

mechanical time clock to "punch-in" and "punch-out" each day. *Id.* Exh. 1 at 19:4-12; Exh. 2 at 26:1-29:25.

Each week, defendant's wife and bookkeeper, Virginia Fernandez, would total the hours on the time card and would calculate the pay due to each employee that week. *Id.* Exh. 1 at 20:9-24; Exh. 2 at 30:21-31:13. Ms. Fernandez would then produce payroll checks, with an attached wage statement, for each employee. *Id.* Exh. 2 at 50:6-13. In response to discovery, defendant produced copies of all such wage statements for years 2004-2009. *Id.* at Exh.3. It is undisputed that the wage statements issued by defendant do not show or display the hours worked by the employee in that pay period. Next, defendant would deliver the weekly paycheck to each employee with the time card. *Id.* Exh. 2 at 114:8-21. The employee would then review the pay amount and defendant would destroy the time card. *Id.*

The primary dispute between the parties centers around plaintiff's work hours and overtime pay. Specifically, plaintiff contends that she regularly worked in excess of eight hours per day and forty hours per week and that she normally worked six or more days per week. Plaintiff admits that she received a payroll check each week, but she claims that this check was delivered in conjunction with a cash payment for hours worked over forty. *Id.* Exh. 1 at 25:10-16. According to plaintiff, these cash overtime wages were paid at her regular hourly rate. Plaintiff further alleges that these excess hours were recorded on her time card each week, which defendant admits he regularly destroyed. Defendant, however, claims that while his employees may have sometimes worked less than forty hours, they never worked a minute of time over forty hours each week. *Id.* Exh. 2 at 129:12-18.

Plaintiff now seeks partial summary judgment against defendant with respect to (1) her claim for injury under Cal. Lab. Code § 226 for failure to provide proper wage statements; (2) her claim under Cal. Lab. Code § 226.3 for penalties for failure to provide proper wage statements; and (3) for a determination as to the statute of limitations for civil penalties claimed under Cal. Lab. Code § 558.

## II.  ANALYSIS

The party moving for summary judgment has both an initial burden of production and the ultimate burden of persuading the court that there is "no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  "If a moving party fails to carry its initial burden, the nonmoving party has no obligation to produce anything, even if the nonmoving party would have the ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.* 210 F.3d 1099, 1102-03 (9th Cir. 2000) (citations omitted).

### A.    California Labor Code Section 226

Plaintiff claims that she is entitled to an award of $4,000 for her individual claim under Cal. Lab. Code § 226, which provides a remedy to employees for an employer's failure to provide wage statements where this failure was knowing and intentional.  Defendant does not contest that he failed to provide adequate statements as required by § 226(a).  Instead, defendant contends that plaintiff is not entitled to a penalty under § 226(e) because, according to defendant, plaintiff has not suffered an injury.  Specifically, § 226(e) provides:

> (e) An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

Here, plaintiff has carried her burden showing that she suffered an injury as a result of defendant's failure to comply with § 226(a).  Defendant's reliance on *Villacres v. ABM Indus. Inc.*, 384 Fed. Appx. 626 (9th Cir. 2009) is misplaced.  In that case, the plaintiff "conceded in his deposition that he experienced no harm as a result of his employer's alleged violations of section 226(a)" and argued "that violations of section 226(a) in and of themselves are injuries sufficient to make section 226(e) relief available . . . ."  *Id.* at 627.  The Ninth Circuit rejected that argument. But in this case, plaintiff does not concede the injury issue.  Rather, the injury stemming from the § 226(a) violations is evidenced by a live and active dispute regarding overtime hours and pay that continues between the parties.  *See Wang v. Chinese Daily News, Inc.*, 435 F.Supp. 2d 1042, 1050 (C.D. Cal. 2006) ("[T]his lawsuit, and the difficulty and expense Plaintiffs have encountered in

attempting to reconstruct time and pay records, is further evidence of the injury suffered as a result of [defendant's non-compliant] wage statements."). While plaintiff testified that she was paid for work over forty hours in cash (Dkt. No. 56 Exh. 1 at 25:12-16), it is defendant's failure to provide plaintiff with an accurate and complete record of her overtime hours that prevents her from determining the extent and amount of unpaid overtime. Indeed, this is the type of injury envisioned by § 226(e).

An examination of the weekly payroll records for the years 2007, 2008 and 2009 produced by defendant (Dkt. No. 56 Exh. 3) show that plaintiff was employed from at least January 2007 to April 2008, encompassing 69 weeks. Each records fails to reflect the number of hours plaintiff worked. As recovery is capped at $4,000, plaintiff is entitled to the maximum recover of $4,000 under the statute.

### B.   California Labor Code Section 226.3

Plaintiff also moves for civil penalties under Cal. Lab. Code § 226.3. Section 226.3 provides:

> Any employer who violates subdivision (a) of Section 226 shall be subject to a civil penalty in the amount of two hundred fifty dollars ($250) per employee per violation in an initial citation and one thousand dollars ($1,000) per employee for each violation in a subsequent citation, for which the employer fails to provide the employee a wage deduction statement or fails to keep the records required in subdivision (a) of Section 226. The civil penalties provided for in this section are in addition to any other penalty provided by law. In enforcing this section, the Labor Commissioner shall take into consideration whether the violation was inadvertent, and in his or her discretion, may decide not to penalize an employer for a first violation when that violation was due to a clerical error or inadvertent mistake.

Plaintiff argues that Private Attorney General Act of 2004 ("PAGA"), Cal. Lab. Code §§ 2699-2699.5, allows her to bring a claim for violation of Cal. Lab. Code § 226.3. As plaintiff points out, the purpose of PAGA is to allow private litigants to enforce civil penalties previously enforceable only by the Labor Commissioner. *See* Cal. Lab. Code § 2699(a) ("[A]ny provision of this code that provides a civil penalty to be assessed and collected by the Labor and Workforce Development Agency . . . for violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee."). Furthermore, Cal. Lab. Code § 2699.5 identifies

the violation of § 226(a) as a predicate conduct that triggers application of PAGA. Accordingly, plaintiff is entitled to bring a private claim for violation of § 226.3.

Defendant contends that even if plaintiff is entitled to bring a claim under § 226.3, plaintiff has failed to show that defendant's violation of § 226(a) was not inadvertent. For the purposes of § 226.3, the term "inadvertent" "carries its ordinary meaning of 'unintentional,' 'accidental,' or 'not deliberate.'" *Heritage Residential Care, Inc. v. Division of Labor Standards Enforcement*, 192 Cal.App.4th 75, 86 (2011). However, it is not required that defendant have any particular intent or other mental state in order to be liable. *Id.* at 84, 88.

In this case, plaintiff has shown that defendant's failure to comply with § 226(a) was not a mistake. Indeed, the deficient wage statements were issued over a period of several years, week-after-week, to multiple employees. Dkt No. 56 Exh. 3. Each statement fails to record the total hours worked. *Id.* Ignorance of the requirements of § 226(a) is not a defense. Moreover, defendant has failed to provide any evidence to rebut years of wage statements showing that his violation of § 226(a) was not inadvertent. Accordingly, plaintiff is entitled to civil penalties under § 226.3.[1]

### C.    Statute of Limitations To California Labor Code Section 558

Cal. Lab. Code § 558 provides:

> (a) Any employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provision regulating hours and days of work in any order of the Industrial Welfare Commission shall be subject to a civil penalty as follows: (1) For any initial violation, fifty dollars ($ 50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. (2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. (3) Wages recovered pursuant to this section shall be paid to the affected employee.

Plaintiff contends that the nature of § 558 requires the court to treat the provided penalties as wages.

The California Code of Civil Procedure ("CCP") provides for a one-year statute of limitations for an action upon a statute for a penalty or forfeiture, but provides for a three-year statute of limitations for an action upon a liability created by statute, other than a penalty or

---

[1] The court declines to determine the amount of such penalties at this time, as that issue was not addressed in plaintiff's motion.

forfeiture. *See* CCP §§ 338(a) & 340(a). Many courts have held that the civil penalties recoverable under PAGA are "penalties" within the meaning of CCP § 340(a). *See Harris v. Vector Marketing Corp.*, 2010 WL 56179 (N.D. Cal. 2010) (stating that a PAGA claim is subject to a one-year statute of limitations); *Baas v. Dollar Tree Stores*, No. C07-03108, 2009 WL 1765759, at *5 (N.D. Cal. Jun. 18, 2009); *Thomas v. Home Depot USA Inc.*, 527 F.Supp.2d 1003, 1006 (N.D. Cal. 2007) (same).

Plaintiff contends that the court should look to the "nature of the remedy" to determine the appropriate statute of limitations. Plaintiff relies on *Reynolds v. Bement*, 36 Cal.4th 1075 (2005) in arguing that PAGA allows her to recover unpaid wages as a civil penalty under § 558, subject to a three-year statute of limitations. In *Reynolds*, the California Supreme Court held that:

> [P]ursuant to section 558, subdivision (a), any 'person acting on behalf of an employer who violates, or causes to be violated' a statute or wage order relating to working hours is subject to *a civil penalty*, payable to the affected employee, equal to the amount of any underpaid wages. As noted earlier, the Legislature has provided that aggrieved employees may under certain circumstances maintain civil actions to recover such *penalties*. § 2699(a).

*Id* at 1089 (emphasis added). In contrast, defendant relies on *Beebe v. Mobility, Inc.*, 07-CV-1766 2008 WL 474391 (S.D. Cal. Feb. 20, 2008) for the proposition that the unpaid wages portion of § 558 is not part of § 558's penalty provision and therefore, unpaid wages are unrecoverable under PAGA. *Id.* at *6 ("Contrary to the Plaintiff's position, the 'amounts sufficient to recover underpaid wages' is not included in the penalty to be collected by the Labor Commissioner but rather constitutes wages which the Commissioner collects on behalf of previously underpaid employees.").[2]

The *Reynolds* decision indicates that unpaid wages under § 558 are part of the civil penalty recoverable under PAGA. Because the California Supreme Court's interpretation of the California Labor Code is controlling, the court agrees with plaintiff that unpaid wages are part of § 558's civil penalty and are therefore recoverable under PAGA. However, the *Reynolds* decision is silent as to which statute of limitations applies to § 558. Indeed, *Reynolds* is consistent with numerous court

---

[2] In *Beebe*, "[b]oth parties agree[d] that the PAGA permits a Plaintiff to collect only penalties and not wages on behalf of other employees." *Id.* at *6.

decisions holding that PAGA is limited to recovery of penalties subject to a one year statute of limitations.  The "penalty-versus-compensatory analysis" urged by plaintiff is inappropriate in the context of a PAGA claim because PAGA only allows aggrieved individuals to recover "civil penalties" for violations of underlying Labor Code provisions.  *See* § 2699(a) ("[A]ny provision of this code that provides *a civil penalty* to be assessed and collected by the Labor and Workforce Development Agency . . .  for violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee.") (emphasis added).   It does not matter that § 558's penalty includes unpaid wages–both the statute and *Reynolds* define § 558's remedy as a penalty, which is the very reason that it is recoverable under PAGA.  *See Thomas v. Home Depot USA Inc.*, 527 F.Supp. 2d at 1007 (noting that while some of the predicate violations of the California Labor Code provide for wages (*e.g.*, Cal. Lab. Code § 226.7), "a PAGA claim is, by definition, a claim for civil penalties").  Accordingly, a one-year statute of limitations applies to plaintiff's § 558 claim.

### III.  ORDER

For the foregoing reasons, the court (1) grants summary judgment with respect to Cal. Lab. Code § 226; (2) grants summary judgment with respect to Cal. Lab. Code § 226.3; and (3) determines that the statute of limitations to plaintiff's civil penalties claim under Cal. Lab. Code § 558 is one year.

DATED:     06/14/2011

RONALD M. WHYTE
United States District Judge