1

2

3

4                                                          **E-FILED on**   9/8/2011

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                              SAN JOSE DIVISION

11

12   ALMA YADIRA, et al.,                     No. C-08-05721 RMW

13              Plaintiffs,

14        v.                                  ORDER DENYING MOTIONS FOR LEAVE
                                              TO FILE MOTIONS TO RECONSIDER
15   JESUS FERNANDEZ, et al.,
                                              **[Re Docket Nos. 66 and 69]**
16              Defendants.

17

18        On June 14, 2011, the court granted in part and denied in part plaintiff Alma Yadira's motion

19   for partial summary judgment against defendant Jesus Fernandez. Dkt. No. 65. On June 24, 2011,

20   defendant filed a motion for leave to file a motion to reconsider the court's ruling that defendant had

21   committed wage statement violations. Dkt. No. 66. On July 19, 2011, plaintiff also filed a motion

22   for leave to file a motion to reconsider the court's ruling that claims for unpaid wages under Cal.

23   Labor Code § 558 have a one-year statute of limitations. Dkt. No. 69. Having considered the papers

24   submitted by the parties, and for the reasons set forth below, the court denies both motions.

25                                    **I. ANALYSIS**

26        **A. Defendant's Motion for Leave to File Motion to Reconsider**

27        Defendant argues that there were actually two different pay stubs for each paycheck that was

28   issued to the plaintiff – one retained by the employer and one provided to the plaintiff with her

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

1  paycheck.  Defendant claims that he recently discovered that these two pay stubs are not identical.

2  Defendant now asserts that the portion that is detached and provided to his employees contains

3  boxes for recording both the number of regular hours worked and overtime hours worked during

4  each pay period.  According to defendant, the fact that the parties and their counsel failed to realize

5  this amounts to a mutual and excusable mistake.  Defendant has submitted an exhibit with the pay

6  stubs of other employees as evidence suggesting that plaintiff was provided with Cal. Labor Code §

7  226(a) compliant wage statements.

8       Defendant provides no excuse for failing to uncover this evidence and bring it forward before

9  or during the time that the motion for summary judgment was pending.  Even if such pay stubs were

10  provided to the plaintiff, defendant nonetheless failed to retain copies of the wage statements as

11  required.  *See* Cal. Labor Code § 226(a) ("Every employer shall . . . furnish each of his or her

12  employees . . . an accurate itemized statement in writing showing [required information] . . .  and a

13  copy of the statement or a record of the deductions shall be kept on file by the employer for at least

14  three years . . . .").  The failure to maintain copies of wage statements that comply with § 226(a)

15  subjects an employer to penalties under Cal. Labor Code § 226.3.

16       Because defendant offers no satisfactory excuse for failing to timely offer evidence that wage

17  statements were provided to plaintiff and because defendant violated § 226(a) by failing to keep

18  copies of the wage statements even if they were provided to plaintiff, defendant's motion for leave to

19  file a motion for reconsideration is denied.

20       **B.      Plaintiff's Motion for Leave to File Motion to Reconsider**

21       Plaintiff contends that the nature of Cal. Labor Code § 558 requires that the court treat

22  unpaid wages as "penalties" for purposes of the Private Attorney General Act ("PAGA"), but as a

23  "compensatory remedy" for purposes of calculating the statute of limitations under Cal. Code of

24  Civil Proc. § 338(a).

25       Cal. Labor Code § 558 provides:

26  (a) Any employer or other person acting on behalf of an employer who violates, or
    causes to be violated, a section of this chapter or any provision regulating hours and
27  days of work in any order of the Industrial Welfare Commission shall be subject to a
    civil penalty as follows: (1) For any initial violation, fifty dollars ($ 50) for each
28  underpaid employee for each pay period for which the employee was underpaid in
    addition to an amount sufficient to recover underpaid wages. (2) For each subsequent

violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. (3) Wages recovered pursuant to this section shall be paid to the affected employee.

Plaintiff agrees with the court's previous determination that recovered wages under § 558 are a penalty for purposes of PAGA. Plaintiff questions, however, the court's determination that wages recovered under § 558 are subject to a one-year statute of limitations. California law provides a one-year statute of limitations for an action upon a statute for a penalty or forfeiture, but provides for a three-year statute of limitations for an action based upon a liability created by statute, other than a penalty or forfeiture. *See* Cal. Code of Civil Proc. §338(a) & 340(a). Many courts have held that the civil penalties recoverable under PAGA are "penalties" within the meaning of Cal. Code of Civil Proc. § 340(a). *See Harris v. Vector Marketing Corp.*, 2010 WL 56179 (N.D. Cal. 2010) (stating that a PAGA claim is subject to a one-year statute of limitations); *Baas v. Dollar Tree Stores*, No. C07-03108, 2009 WL 1765759, at *5 (N.D. Cal. Jun. 18, 2009); *Thomas v. Home Depot USA Inc.*, 527 F.Supp.2d 1003, 1006 (N.D. Cal. 2007) (same).

Plaintiff again contends that the court should look to the "nature of the remedy" to determine the appropriate statute of limitations. According to plaintiff, the court's previous ruling applying a one-year statute of limitations to § 558 actions implies something beyond that which is necessary to compensate plaintiff for unpaid wages. In other words, plaintiff contends that by resorting to § 558, she may actually recover a year of wages in addition to the three years of wages allowed by Cal. Code of Civil Proc. §338(a) and the four years of wages authorized under California's Unfair Competition Law, specifically Cal. Bus. & Prof. Code § 17208.

The California Supreme Court's decision in *Reynolds v. Bement*, 36 Cal.4th 1075 (2005) is instructive:

> [P]ursuant to section 558, subdivision (a), any 'person acting on behalf of an employer who violates, or causes to be violated' a statute or wage order relating to working hours is subject to *a civil penalty*, payable to the affected employee, equal to the amount of any underpaid wages. As noted earlier, the Legislature has provided that aggrieved employees may under certain circumstances maintain civil actions to recover such *penalties*. § 2699(a).

The *Reynolds* decision describes the unpaid wages under § 558 as a civil penalty recoverable under PAGA. Moreover, the language of § 558 can also reasonably be interpreted as describing the unpaid

United States District Court
For the Northern District of California

1   wages as a penalty.  Notably, the *Reynolds* decision is silent as to which statute of limitations applies

2   to § 558.  However, *Reynolds* is consistent with numerous court decisions holding that PAGA is

3   limited to recovery of penalties and, thus, subject to a one-year statute of limitations.  The "penalty-

4   versus-compensatory analysis" urged by plaintiff is inappropriate in the context of a PAGA claim

5   because PAGA only allows aggrieved individuals to recover "civil penalties" for violations of

6   underlying Labor Code provisions.  *See* § 2699(a) ("[A]ny provision of this code that provides *a*

7   *civil penalty* to be assessed and collected by the Labor and Workforce Development Agency . . .  for

8   violation of this code, may, as an alternative, be recovered through a civil action brought by an

9   aggrieved employee.") (emphasis added).   It does not matter that § 558's penalty includes unpaid

10   wages–both the statute and *Reynolds* define § 558's remedy as a penalty, which is the very reason

11   that it is recoverable under PAGA.  *See Thomas v. Home Depot USA Inc.*, 527 F.Supp. 2d at 1007

12   (noting that while some of the predicate violations of the California Labor Code provide for wages

13   (*e.g.*, Cal. Lab. Code § 226.7), "a PAGA claim is, by definition, a claim for civil penalties").  The

14   court finds that the only way to reasonably reconcile the language of § 558, *Reynolds* and PAGA is

15   to consider the unpaid wages of § 558 as a penalty subject to a one-year statute of limitations.

16        Even though unpaid wages recoverable under § 558 are described by the statute and

17   *Reynolds* as a penalty (and as such, are recoverable under PAGA), it does not follow that plaintiff is

18   entitled to duplicative recovery.  Other than the fact that the recovery of unpaid wages under § 558 is

19   defined as a "penalty," there is no basis to conclude that § 558 allows recovery of an extra year of

20   unpaid wages in addition to the recovery of unpaid wages provided by other sections of the

21   California Labor Code and the UCL.  § 558 seems to only contemplate that in addition to the per pay

22   period penalties, "an amount sufficient to recover unpaid wages" is to be "paid to the affected

23   employee." Cal. Labor Code § 558(a)(1)-(3).  As plaintiff appears to acknowledge, to hold

24   otherwise would be inconsistent with California substantive law. Dkt. No. 69 at 4; *see also Doe v.*

25   *D.M. Camp & Sons*, 624 F.Supp. 2d 1153, 1174 (E.D. Cal. 2008) (recognizing that "[w]here state

26   law provides for statutory damages, the trial court's discretion may be called upon to prevent double

27   recovery").  Accordingly, the court finds that the unpaid wages penalty found in § 558 does not

28   provide for a year of recovery in addition to the recovery provided by other statutes.

**II.  ORDER**

For the foregoing reasons, the court denies both defendant's and plaintiff's motions for leave to file motions to reconsider.

DATED:      9/7/2011

*Ronald M. Whyte*

RONALD M. WHYTE
United States District Judge