1
2
3
4
5
6
7
8
9
10
11

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| 12   ALMA YADIRA, et al., | Case Nos. C-08-05721, C-08-05722 RMW (related) |
| 13                    Plaintiffs, | |
| 14       v. | **ORDER RE PLAINTIFF YADIRA'S MOTION FOR ATTORNEY'S FEES AND COSTS AND DEFENDANT FERNANDEZ'S MOTION FOR ATTORNEY'S FEES AND COSTS** |
| 15   JESUS FERNANDEZ, et al., | |
| 16                    Defendants. | |
| 17 | |
| 18   FLORENCIA MONDRAGON, et al., | |
| 19                    Plaintiffs, | |
| 20       v. | |
| 21   JESUS FERNANDEZ, et al., | |
| 22                    Defendants. | |

23
24
25   In these consolidated cases numbered C-08-05721 ("*Yadira*") and C-08-05722
26   ("*Mondragon*"), plaintiff Alma Yadira and defendant Jesus Fernandez, respectively, move for
27   attorney's fees. For the reasons explained below, the court grants Yadira's motion for attorney's
28

ORDER RE ATTORNEY'S FEES
CASE NO. C-10-04686 –RMW
RDS
- 1 -

fees and costs but for a lesser amount than requested, denies Fernandez's motion for attorney's fees, and grants Fernandez's motion as to costs taxed by the clerk.

## I. BACKGROUND

Plaintiffs Yadira and Florencia Mondragon brought these actions seeking wages and penalties for overtime hours they claim they worked for Fernandez's establishments but for which they were not paid at an overtime rate. On June 14, 2011, this court granted summary adjudication in favor of plaintiff Yadira and against defendant Fernandez, individually, and doing business as Tony's Pool Hall, for his failure to provide accurate wage statements as required by California labor law, finding Yadira entitled to $4,000.00 on that claim.

The remaining claims in these consolidated cases came on regularly for jury trial on March 26, 2012, and were tried from March 26, 2012 through April 2, 2012. At trial, the plaintiffs dropped their class action and California Private Attorney General Act claims. The jury returned a verdict awarding $1,980.00 to Yadira for unpaid overtime wages both under California labor law and under the Federal Fair Labor Standards Act. The jury awarded an additional $1,980.00 to Yadira as liquidated damages on her federal claim and an additional $990.00 as a penalty authorized by California law for the willful failure to pay overtime wages upon termination of employment. The jury returned a verdict in favor of defendant Fernandez and against Yadira on her meal break claim.

The jury found in favor of Fernandez and against Mondragon on her California meal break claim and on her overtime claim under the FLSA. The jury did not unanimously agree on whether Mondragon was an exempt employee under California law and thus not entitled to overtime compensation. Therefore, Mondragon's claim under California law that she was a non-exempt employee and entitled to overtime wages had to be re-tried.

On September 4, 2013, plaintiff Mondragon dismissed without prejudice her California state law claim for overtime wages and proceeded to trial before the undersigned on her equitable claim for restitution under the California Business and Professions Code § 17,200 *et seq*. On September 20, 2013, after trial and consideration of the evidence and arguments of counsel, the court issued its Findings of Fact and Conclusions of Law, finding that the evidence established

that Mondragon was an exempt employee and concluding that she was not entitled to recover overtime wages from Fernandez, individually, or doing business as Maria's Nightclub.

## II.   ANALYSIS

As the prevailing party, plaintiff Yadira now seeks $25,128 in attorney's fees plus her taxable costs in *Yadira*. Fernandez opposes Yadira's motion and contends that Yadira should be awarded no more than $3,485 in attorney's fees. Fernandez, as the prevailing defendant in *Mondragon*, seeks $93,235.10 in attorneys' fees in addition to his costs.

Mondragon opposes Fernandez's motion. Fernandez is only entitled to fees in *Mondragon* if Mondragon's claims were frivolous or brought in bad faith. *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 765 (1980). Mondragon contends that her claims, albeit losing, were not frivolous or brought in bad faith.

### A.   Yadira's Motion

Yadira seeks $25,128 in attorney's fees. Fernandez argues that Yadira is only entitled to fees of $3,485. The court awards Yadira $18,341.25 in attorney's fees.

#### 1.   Reduction for partial success

First, Fernandez argues that the attorney's fees should be reduced because Yadira was only partially successful in her claims. In such cases, a reduced fee award is appropriate when the relief is limited in comparison to the scope of the litigation as a whole. *Hensley v. Eckerhart*, 461 U.S. 424, 439 (1983). To determine the appropriate award, the court applies a two-part analysis: if the unsuccessful and successful claims are unrelated, the final fee award may not include time expended on the unsuccessful claims; if the unsuccessful and successful claims are related, the court evaluates the "significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Thorne v. City of El Segundo*, 802 F.2d 1131, 1141 (9th Cir. 1986) (quoting *Hensley*, 461 U.S. at 434-35). "The test for relatedness of claims is not precise," but courts have looked to whether the unsuccessful claim is intended to remedy an entirely distinct and separate course of conduct, and whether the evidence overlapped. *Id.* Here, the court finds that the successful and unsuccessful claims were related for the purposes of the *Hensley* analysis. All of the claims dealt with the course of conduct relating to Yadira's work

for Fernandez and involved overlapping evidence of Fernandez's practices in compensating Yadira.

However, the court notes that the relief obtained by Yadira was considerably less than the total damages sought. A reduction in the claimed fees is appropriate. *See Hensley*, 461 U.S. at 436-37 ("The district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success."). The preferred approach, however, is to reduce the hours claimed and hourly rate sought. S*ee Corder v. Gates*, 947 F.2d 374, 378 (9th Cir. 1991) (noting a reduction in the lodestar figure rather than a reduction in the reasonable hours is a disfavored approach but acceptable as long as the district court makes "only one reduction for lack of success") (citing *Cabrales v. County of Los Angeles*, 864 F.2d 1454, 1465 (9th Cir.1988)).  Here, the court will follow the preferred approach and adjust the hours expended and the hourly rate requested.

## 2.      **Reasonableness of hours claimed**

Defendant argues that the claimed hours are unreasonable. Defendant specifically objects to the following: (1) all time related to plaintiff's handwriting expert because of alleged improprieties regarding the expert; (2) all time above the $22,848.00 shown in the plaintiff's attorney's supporting declaration; (3) trial day time over 5 hours; (4) all time related to defendant's witnesses; and (5) certain time related to the motions *in limine*. Overall, defendant contends that the hours are overstated by about 35%.

The court finds that defendant's objections have some limited merit.  The time spent with defendant's handwriting expert was in large part wasted as a result of counsel's carelessness in providing inappropriate "known" signatures.  Therefore, the court reduces by two hours the time spent meeting with the expert.

Defendant claims that any time spent resulting in fees in excess of $22,484 should not be awarded because any time in excess of that amount would exceed the time supported by the declaration of plaintiff's counsel. Although plaintiff's counsel's papers are inconsistent in their references to the time spent, the hours set forth in counsel's declaration are consistent with the higher figure referenced in plaintiff's papers.  Therefore, the court makes no reduction for lack of

ORDER RE ATTORNEY'S FEES
CASE NO. C-10-04686 –RMW
RDS
- 4 -

1  sworn support. The court also notes that plaintiff through carelessness or otherwise has not listed
2  all the time counsel spent (e.g., no time listed for drafting complaint, discovery).

3  Defendant points out that plaintiff claims eight hours per day for "jury trial" when the
4  court's hours ran from 8:30 a.m. to 1:30 p.m., a total of five hours per day.  The court finds that
5  plaintiff's counsel undoubtedly included hours spent outside of the court room in preparing for
6  the trial days.  Therefore, again, the court makes no reduction.

7  Defendant objects to the time attributed to plaintiff's counsel's talking with his clients
8  about defendants' witnesses. Defendant points out that the witnesses listed were only involved in
9  the *Mondragon* case.  The total time attributed to this activity is .63 hours and the court believes
10 that counsel would have spent at least that amount of time talking about witnesses relevant to the
11 *Yadira* case including Fernandez and Yadira.

12 Finally, defendant claims that time should be deducted for plaintiff's preparation of
13 unnecessary *in limine* motions.  Defendant complains that plaintiff has failed to delineate which
14 motions counsel seeks payment for, that plaintiff lost most motions, and some of the motions only
15 applied to *Mondragon*. The court does not find the time spent for the motions to be unreasonable.
16 However, plaintiff did increase the time spent by making class action and PAGA claims which it
17 appears counsel never seriously intended to pursue.  The court reduces plaintiff's claim by one
18 hour for time unnecessarily spent in making the class action and PAGA claims.

19 In summary, the court reduces the hours claimed by plaintiff's counsel by three hours
20 resulting in 48.91 hours to be used in lodestar calculation.

21 **3.     Hourly rate**

22 The court finds that $480 is an excessive hourly rate for plaintiff's counsel. Yadira relies
23 on the *Laffey* matrix to arrive at his requested rate. However, the burden remains on Yadira to
24 demonstrate that the hourly rates are reasonable, as determined by reference to fees charged by
25 attorneys of comparable ability and reputation for legal work of similar complexity. *See Perez v.*
26 *Cozen & O'Connor Group Long Term Disability Coverage*, 2007 WL 2142292 at *2 (S.D. Cal.
27 2007). Yadira's counsel simply states that he has been in practice since 1999. Here, however,
28 strictly applying the *Laffey* matrix would be inappropriate because those rates are for

"experienced federal court litigators," which Yadira's counsel is not. He does have expertise in wage and hour cases and has a good working knowledge of the field. However, he is not an experienced litigator. This court takes into account counsel's lack of trial experience and also notes that he was awarded $350 per hour in a previous wage and hour case only one and one half years ago. *Lazaro v. Lomarey Inc.*, C-09-02013 RMW, 2012 WL 2428272 (N.D. Cal. June 26, 2012). After considering plaintiff's counsel's years of experience, the complexity of this case, the quality of the legal work performed, and plaintiff's partial lack of success, the court finds that $375 per hour is a reasonable rate for an attorney of plaintiff's counsel's experience, knowledge and performance. The lodestar fee is, therefore, $18,341.25 (48.91 hours x $375).

### 4. Costs

Yadira's counsel filed a bill of costs on Yadira's behalf. However, most of the costs appear to have been incurred with respect to Mondragon's case. The only fees clearly related to *Yadira* are the $350 filing fee and the $88.50 fee for service of process. It appears that the interpreter's fees, transcript fees, and other costs, or at least the vast majority of them, were incurred for Mondragon's case. Therefore, the only costs awarded to Yadira total $438.50.

### B. Fernandez's Motion

#### 1. Lack of bad faith

"[T]he general rule in federal courts is that a litigant cannot recover his counsel fees. But that rule does not apply when the opposing party has acted in bad faith." *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 765-66 (1980) (citations omitted). "[A] court may assess attorney's fees when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991) (citations and quotations omitted). A district court must make "a specific finding as to whether counsel's conduct in this case constituted or was tantamount to bad faith." *Id*., at 767. Here, the court finds that there was no such bad faith. Mondragon's contention that she spent more time performing as a bartender and doing non-exempt work than performing as a manager—although contrary to the court's ultimate determination—was not frivolous. In fact, the jury in the original trial hung on whether Mondragon was exempt under California law. The court does not find that Mondragon "has acted

in bad faith, vexatiously, wantonly, or for oppressive reasons," and therefore denies Fernandez's motion for attorneys' fees.

### 2. Costs

As stated in the court's September 30, 2013 judgment, Fernandez is entitled to his costs associated with the *Mondragon* case in the amount of $2,474.70 as taxed by the clerk.

### III. ORDER

For the foregoing reasons, the court awards attorney's fees in the amount of $18,341.25 and costs in the amount of $438.50 to plaintiff Alma Yadira and against Defendant Jesus Fernandez, individually and doing business as Tony's Pool Hall. The court awards costs in the amount of $2,474.70 to Fernandez, individually and doing business as Maria's Nightclub.

Dated: March 27, 2014

Ronald M. Whyte
United States District Court Judge